Louderbach v. Dozer, Appellant.

Argued October 18, 1928. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*David S. Malis*, for appellant.—The verdict was excessive: Lessig v. Reading Transit & L. Co., 270 Pa. 299; Fuher v. Westmoreland Coal Co., 272 Pa. 14.

*E. A. Votaw*, of *Conard & Middleton*, for appellee.

OPINION BY CUNNINGHAM, J., March 1, 1929:

The trial of this action of assumpsit before a judge of the municipal court of the County of Philadelphia, sitting without a jury, resulted in a finding in favor of the plaintiff and the defendant has appealed from the judgment entered thereon.

The entire case turns upon questions of fact and our inquiry therefore is whether there was evidence to sustain the findings of the trial judge. An examination of the pleadings and testimony discloses that there was evidence from which the trial judge could find that in 1923 a co-partnership, consisting of the plaintiff and his brother, had a contract for the brick work upon thirty-six houses built in the City of Philadelphia by the Dozer Construction Company, another co-partnership of which the defendant, Isaac Dozer, was a member. This contract involved some $75,000 worth of bricklaying and seems to have been satisfactorily closed as between the two partnerships. There was also evidence that the defendant, having taken one of the houses for his own use and desiring to have a garage constructed at the rear (the con-

struction of which would involve some changes in the rear wall and considerable additional brick work), contracted with plaintiff to make the alterations in the wall and build the garage and promised to pay for the same when the work was completed. This contract seems to have been entirely distinct from the large contract between the partnerships and to have been made between plaintiff and defendant individually. The experienced bricklayer, who superintended the work and personally made the measurements, testified that 2,500 face brick and 8,182 common brick had been laid in changing the wall and constructing the garage. The plaintiff testified that $70 per thousand was a fair and reasonable price for the face brick and $40 per thousand for the common brick. The defendant fixed a price of $38 per thousand for the common brick but did not question the reasonableness of the charge for face brick. The defense was that the plaintiff had agreed, by reason of certain concessions made to his firm in connection with the performance of the large contract, that no charge would be made for the building of the garage and that in any event the calculation of plaintiff's foreman of the number of bricks used was excessive. The trial judge found in favor of the plaintiff on the basis of 2,500 face brick at $70 per thousand and 8,182 common at $40 per thousand, or $502.28, with interest in the sum of $135. We are satisfied that there was evidence to sustain these findings and therefore overrule the assignments.

Judgment affirmed.